



RECEIVED
IN LAKE CHARLES, LA

NOV 1 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **JASON LAMOUNTE MORGAN**<br>**D.O.C. # 590378** | ***   CIVIL ACTION NO. 2:16 -CV-00265** |
| | *** |
| | *** |
| **v.** | ***   JUDGE MINALDI** |
| | *** |
| **DARREL VANNOY** | *** |
| | ***   MAGISTRATE JUDGE KAY** |
| | *** |

******************************************************************************

## MEMORANDUM RULING

For the reasons stated in the Report and Recommendation (Rec. Doc.13) of the Magistrate Judge previously filed herein, after a review of the petitioner's Objections (Rec. Doc. 14), the respondent's Response (Rec. Doc. 15) an independent review of the record, a *de novo* determination of the issues, the court concludes that the findings are correct.

The petitioner filed a § 2254 petition alleging that his Sixth Amendment right to confront witnesses was violated when the statements made to an officer by a deceased witness were admitted in trial.[1] The Magistrate Judge used the less stringent harmless error beyond a reasonable doubt standard, established in *Chapman v. California*, 386 U.S. 18 (1967), to determine whether any alleged error in admitting the statements was harmless instead of the more difficult standard laid out by the Supreme Court in *Brecht v. Abrahamson,* 507 U.S. 619 (1993).[2] *See Fry v. Pliler,* 551 U.S. 112, 116  (2007) (comparing the *Brecht* and *Chapman* harmless error standards and finding that the *Brecht* standard should apply in almost all § 2254 petitions and that it was a more difficult standard for a petitioner to meet). The proper standard for the court to apply in this § 2254 petition is the *Brecht* standard, under which to show an error

---

[1] The trial judge admitted the statements over the defendant's objection as non-hearsay statements used to show why the police took their subsequent investigative steps.

[2] Report and Recommendation (Rec. Doc. 13), p. 13.

is not harmless, the petitioner must show that the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 631; *see also Fratta v. Quarterman*, 536 F.3d 485, 507–08 (5th Cir. 2008) (applying the *Brecht* standard to an alleged confrontation clause violation before the court on collateral review under § 2254).

Applying this standard of review, the court agrees with the conclusion of the Magistrate Judge that the alleged error was harmless because of the reasons stated in her Report and Recommendation,[3] and because the petitioner has not shown actual prejudice because of the alleged error. The court conclude that all other findings made by the Magistrate Judge are correction under applicable law. Accordingly, the petition will be **DENIED** and **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this _9_ day of _____Nov_____, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Report and Recommendation (Rec. Doc. 13), p. 13-14.